[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This is a motion to strike that portion of plaintiff's prayer for relief that asks for the award of attorney's fees. General Statutes 47-278 provides that:
 If a declarant or any other person subject to this chapter fails to comply with any of its provisions or any provision of the declaration or bylaws, any person or class of persons adversely affected by the failure to comply has a claim for appropriate relief. Punitive damages may be awarded for a wilful failure to comply with this chapter. This court, in an appropriate case, may award reasonable attorney's fees.
the comment to Uniform Common Interest Ownership Act, sec. 4-177, the corresponding provision to the identically drafted General Statutes 42-278, provides in pertinent part:
 This section provides a general cause of action or claim for relief for failure to comply with the Act by either a declarant or any other person subject to the Act's provisions. Such persons might include unit owners, persons exercising a declarant's rights of appointment pursuant to Section 3-103(d), or the association itself.
Collins v. Townhouse 88 Foundation, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 434506 (January 3, 1991, Aronson, J.).
General Statutes 47-202(12) defines "declarant" as "any person or group of persons acting in concert who (A) as part of a common promotional plan, offers to dispose of his interest in a unit not previously disposed of or (B) reserves or succeeds to any special declarant right."
In Ward v. TRC Realty Corporation, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 357578 (July 14, 1992, Schaller, J.), the court found that while the realty company was a declarant under General Statutes 47-202(12), the president of the company was not, and was therefore not liable under General Statutes 42-274 and 42-275.
In the present case, the plaintiff alleges that Grippi was hired by the declarant, Colonial Manor, but does not allege that Grippi is a declarant himself. General Statutes 42-267 provides CT Page 4088 that:
 [t]he public offering statement of a common interest community containing any conversion building shall contain, . . . . A statement by the declarant, incorporating a report prepared by a registered architect or engineer, describing the present condition of all structural components and mechanical and electrical installations material to the use and enjoyment of the building.
It does not provide that the architect or engineer is a declarant in the context of the statute.
General Statutes 42-263(b) provides in pertinent part that "[a] declarant may transfer responsibility for preparation of all or part of the public offering statement to a successor declarant." General Statutes 42-263(c) states that only a declarant or successor declarant "who offers a unit to a purchaser . . . is liable to all persons claiming an interest in the common interest community . . . for any false or misleading statement set forth therein. . . ." The plaintiff in the present case alleges that Grippi had a duty under General Statutes 42-263(c) to report all material facts to the plaintiff. However, the plaintiff does not allege that the declarant, Parktown Associates Limited Partnership, transferred its responsibility to Grippi, as a successor declarant, to prepare "all or part of the public offering statement." General Statutes 42-263(b). Nor does the plaintiff allege that Grippi is a "successor declarant who offers a unit to a purchaser. . . ." General Statutes 42-263(c). The plaintiff only alleges that the declarant hired Grippi to "prepare a report of all structural components of the buildings and mechanical and electrical installations connected to the buildings at Colonial Manor Condominium." Plaintiff's Complaint, par. 9. This report was attached to the Public Offering Statement prepared by the declarant, Parktown Associates, pursuant to 42-267.
The court finds, therefore, that Grippi does not fall under General Statutes 42-278, and the plaintiffs are not entitled to attorney's fees. The motion to strike is granted.
The Court
Curran, J. CT Page 4089